IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Benjamin Franklin Franchising SPE LLC,<br><br>  Plaintiff,<br><br>v.<br><br>Olivienne Earle, a/k/a Olivienne Frankson, a/k/a Olivienne Frank,<br><br>and<br><br>Ben Franklin In Home Services, Inc.,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Benjamin Franklin Franchising SPE LLC ("Benjamin Franklin"), as and for its Complaint against Defendant Olivienne Earle, a/k/a Olivienne Frankson, a/k/a Olivienne Frank, and Defendant Ben Franklin In Home Services, Inc. ("Defendants"), states and alleges as follows:

1. This is an action for injunctive relief, damages, and other relief based upon Defendants' trademark infringement and unfair competition under the Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1051, et seq.

2. Benjamin Franklin is the franchisor of the Benjamin Franklin plumbing system. Benjamin Franklin licenses independent businesspersons to operate plumbing businesses using Benjamin Franklin's federally registered service marks and system. Franchisees of the Benjamin Franklin system operate throughout the United States, including in the Commonwealth of Pennsylvania.

3.     Benjamin Franklin recently became aware that Defendants are operating a competing plumbing services business under the name "Ben Franklin In Home Services, Inc." As detailed below, both a website and a service van use the "Ben Franklin" mark and a caricature of Benjamin Franklin with a plumbing wrench in advertising and promotion Defendants' offering of plumbing services to consumers. Defendants' actions infringe Benjamin Franklin's well-known and federally registered service marks, including Nos. 2725333 and 3026230, and also constitute unfair competition in violation of the Lanham Act. Defendants' actions, including their use of essentially identical marks in the provision of the same services, inevitably will cause consumer confusion and the belief that Defendants' services are affiliated with or sponsored by Benjamin Franklin, when that is not the case.

4.     On two occasions, Benjamin Franklin sent written cease and desist notices to Defendants regarding their unlawful actions. However, Defendants failed to respond in any way and, notwithstanding their knowledge of their wrongful conduct, have persisted in their infringement and unfair competition. Accordingly, Defendants are liable for willful infringement. Benjamin Franklin therefore is entitled to relief including injunctive relief, actual damages, treble damages, an award of Defendants' ill-gotten gains, and attorneys' fees and costs.

**PARTIES**

5.     Benjamin Franklin Franchising SPE LLC is a Delaware limited liability company with its principal place of business located in Columbia, Maryland.

6.     Olivienne Earle, a/k/a Olivienne Frankson a/k/a Olivienne Frank is a natural person and resident of the Commonwealth of Pennsylvania, residing at 349 East Roosevelt Blvd., Philadelphia, PA 19120.

7. Ben Franklin In Home Services, Inc. is a Pennsylvania corporation with its principal place of business located at 349 East Roosevelt Blvd., Philadelphia, PA 19120. Olivienne Frankson is listed as the incorporator of Ben Franklin In Home Services, Inc.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, as well as 15 U.S.C. §§ 1116(a), 1121, and 28 U.S.C. §§ 1331, 1338, and 1367.

9. This Court has *in personam* jurisdiction over Defendants because they reside in and have operated businesses in this District and have caused injuries in this District by their acts and omissions.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims against Defendants occurred in this District.

## FACTS

11. Benjamin Franklin is the franchisor of the Benjamin Franklin plumbing system. It is engaged in the business of franchising independent businesses or persons to operate Benjamin Franklin-franchised businesses that provide residential and commercial plumbing services. Benjamin Franklin franchisees are licensed to use the "Benjamin Franklin" and related trade name, service marks, and trademarks (the "Benjamin Franklin Marks") and to operate under the Benjamin Franklin system. There are more than 250 Benjamin Franklin franchised business locations across the United States.

12.     Benjamin Franklin holds numerous federal registrations for the mark Benjamin Franklin Plumbing and related marks. These registrations, which are listed on the Principal Register of the U.S. Patent and Trademark Office ("PTO") include the following:

| Mark | Number | Registration Date | Services |
|---|---|---|---|
| Benjamin Franklin Plumbing | 2725333 | June 10, 2003 | Plumbing Services |
| Benjamin Franklin Logo (with wrench) | 3026230 | Dec. 13, 2005 | Plumbing Services |

Each of these registrations is in full force and effect. The registrations of the foregoing marks are incontestable pursuant to 15 U.S.C. §§ 1065 and 1115 and therefore are conclusive evidence of the registrations' validity. True copies of registration certificates and PTO records for each of the foregoing marks, including assignment to Benjamin Franklin, are attached as Exhibit 1 hereto.

13.     Benjamin Franklin and its affiliates have expended a great amount of money, time, and effort in creating, maintaining, improving, advertising, and promoting the Benjamin Franklin Marks throughout the United States. By virtue of such efforts, the Benjamin Franklin Marks have become known in the minds of consumers for plumbing services and valuable goodwill has been built up in the Benjamin Franklin Marks. More than a dozen franchisees are presently licensed to use the Benjamin Franklin Marks and system in the Commonwealth of Pennsylvania. Benjamin Franklin is also seeking to expand the number of legitimate Benjamin Franklin franchisees in Pennsylvania.

14.     In late 2024, Benjamin Franklin became aware that several witnesses had seen a service van in and around the Philadelphia area prominently bearing the name "Ben Franklin In

Home Services," purporting to provide plumbing services as well as related in-home services. A true copy of a photograph of the subject van appears below:



15.     The pictured van clearly depicts the use of the Benjamin Franklin name (differing only by being shortened to "Ben"), which is being used in commerce in a way that has caused and will continue to cause consumer confusion and therefore infringes Benjamin Franklin's word mark No. 2725333. In addition, the pictured van prominently displays a caricature of Benjamin Franklin holding a plumber's wrench that has caused and will continue to cause consumer confusion and therefore infringes Benjamin Franklin's logo mark No. 3026230, which similarly depicts Benjamin Franklin with a plumber's wrench. Benjamin Franklin has not authorized Defendants' use of either of these marks ("the Infringed Benjamin Franklin Marks").

16. Upon further investigation, Benjamin Franklin learned that a corporation named "Ben Franklin In Home Services, Inc." had been incorporated and registered with the Pennsylvania Department of State by Olivienne Frankson on November 16, 2023.

17. The phone number listed on the van, "267-500-8020," is also traced to an individual identified as "Olivienne Frank."

18. That phone number—"267-500-8020"—is also the number listed on a website, benfranklininhomeservices.com, which also appears to be affiliated with Olivienne Frankson. As with the van, this website also uses the "Ben Franklin" name in connection with the provision of plumbing and related in-home services:



A true and correct screenshot of this website, as accessed on January 10, 2025, is attached hereto as Exhibit 2 and is incorporated herein by reference. The website also prominently features the caricature of Benjamin Franklin with a plumber's wrench.

19. The e-mail address provided on the website, BFinhome@gmail.com, has been traced to and associated with an "Olive Frankson."

20. Furthermore, online business directories list "Ben Franklin In Home Services," operating from 349 E. Roosevelt Blvd., Philadelphia, PA 19120—a property owned by Olivienne Frank.

21. On November 4, 2024, and again on November 22, 2024, Benjamin Franklin issued a Cease and Desist Letter to Olivienne Frank, demanding that she cease all use of the Infringed Benjamin Franklin Marks and the use of all names and marks substantially similar to Benjamin Franklin's Marks, including by and through use of the van and website. True copies of the Cease and Desist Notices are attached as Exhibits 3 and 4 hereto.

22. Defendants received the Notices but ignored them. Defendants have continued to use the Infringed Benjamin Franklin Marks in the operation of the business, including on their service van and on their website, in violation of federal law.

## COUNT I
## TRADEMARK INFRINGEMENT

23. Benjamin Franklin incorporates the allegations of paragraphs 1 - 22 as if fully set forth herein.

24. Benjamin Franklin has registered certain of its Marks with the United States Patent and Trademark Office, including Infringed Benjamin Franklin Marks.

25. Since registering its Marks, Benjamin Franklin has extensively advertised its Marks, including the Infringed Benjamin Franklin Marks, in connection with its products and services.

26. Defendants do not have any rights to the use of any mark of Benjamin Franklin, including the Infringed Benjamin Franklin Marks.

27. Notwithstanding demands by Benjamin Franklin that Defendants cease their use of the Infringed Benjamin Franklin Marks, Defendants continue to unlawfully use and display the Infringed Benjamin Franklin Marks, including in association with the operation of a competing business.

28. Defendants' unauthorized use and display of Infringed Benjamin Franklin Marks and/or use of names and marks substantially similar to the Infringed Benjamin Franklin Marks in a manner that is likely to confuse consumers as to the source of the services being sold constitutes willful and intentional infringement of the Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114.

29. Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

30. Defendants' use in commerce of the Infringed Benjamin Franklin Marks and/or use of names and marks substantially similar to those Marks in a manner that is likely to confuse consumers as to the source of the services being sold, without the consent of Benjamin Franklin, is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Defendants are licensed, franchised, sponsored, authorized, or otherwise approved by or associated with Benjamin Franklin.

31. Benjamin Franklin has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

32. Benjamin Franklin has no adequate remedy at law to protect its substantial business and property rights. The damages from Defendants' activities are considerable and continuing and thus not capable of ascertainment at this time.

## COUNT II
## UNFAIR COMPETITION

33. Benjamin Franklin incorporates the allegations of paragraphs 1 - 32 as if fully set forth herein.

34. Defendants have infringed on Benjamin Franklin's rights by using and displaying its Marks and/or use of names and marks substantially similar to its Marks in a manner that is likely to confuse consumers as to the source of the services being sold without authority.

35. Due to Defendants' infringement and conduct, and false designation of origin, customers are likely to be confused and, in fact, have been confused and induced into patronizing Defendants' competing business in the belief that the goods and services are affiliated, connected, or associated with Benjamin Franklin businesses. Customers have been or are likely to be confused as to the sponsorship of the products and services sold by Defendants while they continue to hold themselves out in a manner similar to that of a franchisee of the Benjamin Franklin System.

36. Defendants' actions constitute unfair competition in violation of 15 U.S.C. § 1125(a) and common law.

37. Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

38. Benjamin Franklin has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

39. Benjamin Franklin has no adequate remedy at law to protect its substantial business and property rights. The damages from Defendants' activities are considerable and continuing and thus not capable of ascertainment at this time.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Benjamin Franklin prays for entry of judgment against Defendants, jointly and severally, as follows:

A. Enjoining Defendants, and all others in active concert or participation with them, from any use of the Benjamin Franklin Marks, including but not limited to the Benjamin Franklin Infringed Marks, and/or use of names and marks substantially similar to any of the Benjamin Franklin Marks, in a manner that is likely to confuse consumers as to the source of the services being sold;

B. Enjoining Defendants, and all others in active concert or participation with them, from any acts of unfair competition against Benjamin Franklin;

C. Awarding damages in favor of Benjamin Franklin, and against Defendants, jointly and severally, for the damages Benjamin Franklin has sustained and the profits Defendants have derived as a result of their violations of the Lanham Act, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117;

D. Awarding treble damages, attorneys' fees and costs, and prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117; and

E. Awarding Benjamin Franklin such other and further relief as the Court deems just and proper.

*Michael J. Salmanson*
_____
Michael J. Salmanson, ID. 46707
SALMANSON GOLDSHAW, P.C.
Two Penn Center, Suite 1230
1500 John F. Kennedy Boulevard
Philadelphia, PA   19102
215-640-0593
215-640-0596 (fax)
msalmans@salmangold.com


Robert L. Zisk (DC Bar No. 376269) (*pro hac vice forthcoming*)
Michael L. Sturm (DC Bar No. 422338) (*pro hac vice forthcoming*)
LATHROP GPM LLP
The Watergate
600 New Hampshire Avenue, N.W. Suite 700
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250
Michael.Sturm@lathropgpm.com
Robert.Zisk@lathropgpm.com

**ATTORNEYS FOR PLAINTIFF**

Dated:  January 13, 2025

11